[No. 34361. Department Two. March 13, 1958.]

DeLos Wilkie, *Appellant*, v. Lee Simonson *et al.*, *Respondents.*[1]

*Felix & Abel*, for appellants.

*Anderson & Hunter* (*M. J. Carlson*, of counsel), for respondent Simonson.

[1]Reported in 322 P. (2d) 870.

ROSELLINI, J.—This suit was brought by the owner of a resort at the old townsite of Monte Cristo, in Snohomish county, to recover damages for the flooding of his property. It was alleged in the complaint that the defendants, who, in the fall of 1955, logged the land above the resort under a contract with the plaintiff, had negligently deposited logs and debris in Sunday Creek, which flowed through the logging area and down through the resort area, and that during the winter of 1955-56 this debris had caused a dam to form in the creek, which broke in the spring and flooded the plaintiff's resort. The plaintiff also sought recovery on nuisance and contract theories, but the contract theory was subsequently abandoned. The defendants' answers were general denials.

The cause was tried to the court, which found that the plaintiff had failed to sustain the burden of proving that the damage was caused by the acts of the defendants and gave judgment for the latter. On appeal, error is assigned to this finding and to the conclusions of law which were based thereon.

The parties, in their evidence which the trial court heard and weighed, presented at least three theories as to how the flooding of the plaintiff's property occurred: (1) that the debris left after the defendants' logging operation formed a dam which later broke, causing the water and debris to be washed upon the plaintiff's resort property; (2) that a dam of this sort was caused by debris which had previously accumulated in the creek from natural causes and prior logging operations or by a combination of old and new debris; and (3) that the flooding was caused by the unusually high waters which occurred that winter, from which the damage would have resulted regardless of the presence of the debris left by the defendants.

In its memorandum decision, the court noted that a dam could well have been formed above or below the defendants' logging area, or high water could have picked up logs and debris outside the banks of the creek. There were no eyewitnesses to the occurrence, nor had anyone viewed the

scene from the time the logging operation was closed until after the damage was done in the spring. Testimony was offered by persons familiar with the locality, with the proper conduct of logging operations, and with the various factors which may cause such floods.

The trial court concluded that the plaintiff had failed to sustain the burden of proving that, but for the debris deposited in the creek during the defendants' logging operations, the flood would not have occurred. It applied the rule in *Home Ins. Co. of N. Y. v. Northern Pac. R. Co.*, 18 Wn. (2d) 798, 140 P. (2d) 507, 147 A. L. R. 849, and quoted in *Cambro Co. v. Snook*, 43 Wn. (2d) 609, 262 P. (2d) 767, as follows:

"The rule is well established that the existence of a fact or facts cannot rest in guess, speculation, or conjecture. It is also the rule that the one having the affirmative of an issue does not have to make proof to an absolute certainty. It is sufficient if his evidence affords room for men of reasonable minds to conclude that there is a greater probability that the thing in question, such as the occurrence of a fire, happened in such a way as to fix liability upon the person charged therewith than it is that it happened in a way for which a person charged would not be liable."

The theory of the plaintiff in that case was that a fire which damaged his property was caused when some unnamed employee of the defendant was using an acetylene torch and carelessly permitted the flame to come in contact with some wooden portion of the building. The defendant sought to rebut this theory by showing that the fire could have occurred in some other manner. Consequently, the court said, it had nothing more tangible to proceed upon than two conjectural theories, one of which could as reasonably have been adopted as the other.

The rule of *Cambro v. Snook, supra,* was recently reapproved in *Mason v. Turner*, 48 Wn. (2d) 145, 291 P. (2d) 1023.

The plaintiff urges that, upon his evidence, the court was bound to conclude that the flood was caused by the debris left by the defendants. However, he ignores

the evidence which was given in support of the conflicting theories, which the trial court found equally plausible. A review of the record has convinced us that the trial court was not in error in finding that the plaintiff had failed to sustain the burden of showing the cause of the damage to his property. Whether the action be founded on a theory of negligence or of nuisance, the acts or omissions of the defendant must be shown to be the cause of the plaintiff's damage, or he cannot recover.

The judgment is affirmed.

HILL, C. J., DONWORTH, FINLEY, and FOSTER, JJ., concur.